# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CYNTHIA BRAHENEY,        :
     Plaintiff,           :
                     :
     v.                 :      No. 3:00 CV 2468(CFD)
                     :
TOWN OF WALLINGFORD,    :
ET AL.,                :
     Defendants.        :

## RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Cynthia Braheney ("Braheney"), brought this action against the defendants,
Town of Wallingford ("Town"), Wallingford Fire Department ("Fire Department"), and Wayne
Lefebvre ("Lefebvre"), alleging violations of the Fourteenth Amendment to the United States
Constitution, 42 U.S.C. § 1983, Title VII of the Civil Rights Act, Amendment XXI of the
Constitution of the State of Connecticut, Connecticut General Statutes §§ 46a-58(a), 46a-
60(a)(1), (4), (5), and (8), and state law claims of negligent and intentional infliction of emotional
distress.[1]  Specifically, Braheney, a former female firefighter with the Wallingford Fire
Department, alleges that the defendants harassed her and imposed punishment upon her that was
not commensurate with that meted out to similarly situated male Wallingford firefighters because
of her sex.  The defendants have filed a motion for summary judgment [Doc. #30].

---

[1]In the complaint, Plaintiff also asserted disability discrimination and retaliation claims,
however, Plaintiff is no longer pursuing those claims.  In the Plaintiff's Brief in Opposition to
Motion to Summary Judgment, Plaintiff stated that she "agrees that there is insufficient
evidence" to support those claims and "does not pursue those claims further."

I.     **Factual Background**[2]

Braheney was the first female firefighter for the Town of Wallingford.  She was hired by

the Wallingford Fire Department on January 21, 1991.  Over the course of her employment, she

has received counseling or warnings on the following occasions: (1) on July 1, 1991, she was

issued a counseling memo for her involvement in a motor vehicle accident; (2) on December 6,

1995, she received counseling regarding her use of sick time; (3) on June 23, 1996, she was

absent without leave and received a verbal warning; (4) on July 1, 1996, she was issued a written

warning, which was reduced to a verbal warning, for her excessive use of sick time; (5) on

September 17, 1997, a counseling meeting was held regarding her absenteeism and pattern of

sick leave; and (6) on November 15, 1998, she was charged with committing a dispatch error and

received counseling.

Braheney has also been suspended from her job on four occasions: (1) on November 25,

1996, she was suspended for four weeks and docked eleven and one half hours because she left

work after receiving an order to stay; (2) on November 3, 1997, she was suspended for two

weeks for misrepresenting the truth in order to secure time off from work; (3) on February 18,

1999, she was suspended for four days as a result of committing a second dispatch error, less

than two months after the first dispatch error; and (4) in September 1999, she was suspended for

six weeks for again misrepresenting the truth in order to secure time off from work.

Braheney's federal claims under Title VII and 42 U.S.C. § 1983 appear to be based on

alleged sex discrimination both as to "tangible adverse employment actions" and "hostile work

---

[2]Except where otherwise noted by citation to another source, the following facts are taken
from the parties' Local Rule 9(c) Statements.  They are either undisputed or considered in a light
most favorable to the non-moving party, Braheney.

environment." The defendants' motion for summary judgment will first be considered as to these federal claims.

## II.    Discussion

### A.    Standard

In the context of a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Miner v. City of Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993) (internal quotation marks and citation omitted). In ruling on a motion for summary judgment, however, the Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991); see also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

### B.    Braheney's Title VII Claims Against Town of Wallingford and Wallingford Fire Department

#### 1.    Adverse Employment Actions

Braheney was suspended on four occasions, on November 25, 1996, November 3, 1997, February 18, 1999, and in September 1999. To the extent that these were discrete acts, even if

Braheney could establish at trial that she was suspended based on her sex, her claim under Title VII for three of the suspensions is time barred.[3]

A Title VII claim based on a "discrete act" must be filed with the Equal Employment Opportunity Commission (EEOC) within the "300-day time period after the discrete discriminatory act occurred." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). See also 42 U.S.C. § 2000e-5(e)(1). On March 14, 2000, Braheney filed an affidavit of illegal discriminatory practice with the Connecticut Commission on Human Rights and Opportunities, which was simultaneously filed with the EEOC.

Therefore, Braheney cannot bring a claim based on a discriminatory act that took place more than 300 days prior to March 14, 2000, the date in which she filed her charge with the EEOC. The 300th day preceding Braheney's complaint with the EEOC is May 18, 1999. Therefore, her claims based on the first three suspensions are time barred.

The Court will next address the merits of Braheney's claim based on the fourth

---

[3]In addition to the counseling and warnings set forth in Section I of this opinion, Braheney alleges that she had to go first in all the daily training exercises, that she was not allowed to complete her medic paperwork before participating in training, that one of the captains recommended that she perform additional training at night with the rookies, that she was asked to justify her use of sick time, that she was not invited to a co-worker's wedding, that she was never assigned to the ladder truck, that she was never allowed to drive the fire truck, and that she was asked harder questions on the pump test than the male firefighters. However, none of these instances constitutes an "adverse employment action." See Sanders v. New York City Human Resources Admin., __ F.3d __, 2004 WL 504603, *4 (2d Cir. 2004) ("adverse employment action" is a "'materially adverse change' in the terms and conditions of employment"); Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003) (the change must be "more disruptive than a mere inconvenience or an alteration of job responsibilities" to be "materially adverse," such as "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices ... unique to a particular situation"); Richardson v. New York State Dep't of Corr. Serv., 180 F.3d 426, 446 (2d Cir. 1999).

suspension in September 1999 from the perspective required for summary judgment analysis.  In

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), the United States Supreme Court

set forth the burden shifting analysis for claims brought under Title VII.

Under that framework, the initial burden is on the plaintiff to establish a prima facie case.

To establish a prima facie case, a claimant must show that: 1) she belonged to a protected class;

2) she was qualified for the position; 3) she suffered an adverse employment action; and 4) the

adverse employment action occurred under circumstances giving rise to an inference of

discriminatory intent.  See id.; Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003).  Once the

prima facie case has been established, the burden then shifts to the defendant to offer a

legitimate, non-discriminatory rationale for its actions.  See id.  Finally, if the defendant does

offer a non-discriminatory reason for its decision, the burden again shifts to the plaintiff to show

that the defendant's stated reason is a mere pretext for discrimination.  See Weinstock v.

Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000), cert. denied 2003 WL 1988534 (Oct. 6, 2003).

To survive summary judgment, the plaintiff must "produce not simply 'some' evidence, but

'sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons

proffered by the [defendant] were false, and that more likely than not [discrimination] was the

real reason for the [employment action].' " Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708,

714 (2d Cir. 1996) (quoting Woroski v. Nashua Corp., 31 F.3d 105, 110 (2d Cir. 1994)).

Braheney has the initial burden of showing that she was suspended in September 1999

under circumstances that give rise to an inference of sex discrimination.  In September 1999,

Braheney was suspended for six weeks for misrepresenting the truth, for the second time, in

order to secure time off from work.  Braheney's suspension stemmed from an incident in which

5

she had reported that she needed a shift off from work in order to act as a pall bearer at a funeral; however it is undisputed that she did not act as a pall bearer.[4]  At that point in time, all of Braheney's sick time had been expended.

Braheney alleges that she has been subjected to punishment significantly more harsh than that imposed on male firefighters for the same or similar offenses.  Braheney's bare allegation that she was treated differently from males is insufficient support for this claim to go to the jury.  She provides no evidence to support this claim, provides no comments based on sex, and does not even identify one other similarly situated male who was treated differently.  As a result, she has not established a prima facie case of sex discrimination based on the suspension in September 1999.

Even if Braheney had established a prima facie case, however, the defendants have provided non-discriminatory reasons for suspending Braheney.  Braheney agrees with the defendants that she was suspended for misrepresenting the truth, for the second time, in order to secure time off from work.  The defendants also contend that they are not aware of any other firefighters who have admitted or been caught lying in order to secure time off from work.  Thus, the defendants have offered a legitimate, non-discriminatory rationale for their actions.

While Braheney maintains that if the same acts had been committed by male firefighters, they would not have been disciplined as harshly as she was, this is not sufficient to show that the defendants' non-discriminatory rationale was pretext.  Braheney has offered no evidence from which a reasonable juror could conclude that the defendants' stated reasons for the suspension

---

[4]Although Braheney concedes she was not a pall bearer, she stated that she attended the funeral for a child of close friends.  See Plaintiff's Local 9(c)(2) Statement, ¶ 16.

were pretextual.  Accordingly, Braheney's Title VII claim based on the suspension in September

1999 does not survive summary judgment.

### 2.     Hostile Work Environment

To the extent that Braheney's four suspensions, together with other disciplinary actions

and alleged workplace practices singling her out, constitute a hostile work environment, that

claim is not time barred.  "A hostile work environment claim is composed of a series of separate

acts that collectively constitute one 'unlawful employment practice.'" Morgan, 536 U.S. at 117.

In order to meet the timely filing provision of 42 U.S.C. § 2000e-5(e)(1), as long as "an act

contributing to the claim occurs within the filing period, the entire time period of the hostile

environment may be considered by a court for the purposes of determining liability."  Id.  The

United States Supreme Court specifically stated that "[i]t does not matter, for purposes of the

statute, that some of the component acts of the hostile work environment fall outside the statutory

time period."  Id.  Since Braheney's suspension in September 1999 is within the filing period,

Braheney's hostile work environment claim is not time barred.  Accordingly, the Court will

consider the merits of Braheney's hostile work environment claim from the perspective required

for summary judgment analysis.

In order to establish a claim of hostile work environment, there must be evidence showing

that "the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that

[was] sufficiently severe or pervasive to alter the conditions of the victim's employment and

create an abusive working environment."  Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)

(internal quotations omitted).  "A plaintiff alleging a hostile work environment 'must

demonstrate either that a single incident was extraordinarily severe, or that a series of incidents

7

were 'sufficiently continuous and concerted' to have altered the conditions of her working environment.'" Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002) (quoting Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000)). See also Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) ("We have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment, and the Courts of Appeals have heeded this view.") In addition, the work environment must be both subjectively and objectively hostile. Harris, 510 U.S. at 21-22. See also Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998) (emphasizing that "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position"). In determining whether an environment is "hostile," district courts consider the totality of the circumstances in each case, including (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; (4) and whether the conduct unreasonably interferes with an employee's work performance. Harris, 510 U.S. at 23. "Finally, the discrimination must be *because of* sex." Leibovitz v. New York City Transit Authority, 252 F.3d 179, 189 (2d Cir. 2001) (citing Oncale, 523 U.S. at 80).

Braheney alleges that she was subjected to greater scrutiny than male firefighters in every aspect of her employment and that she was unfairly and disproportionately punished for using her sick time and other accrued leave time to which she was entitled. While Braheney admits that she was suspended four times for the reasons listed above, she maintains that if the same acts had been committed by male firefighters, they would not have been disciplined as harshly. In particular, she contends that she is aware of two male firefighters who each committed a dispatch error and were not disciplined in a similar fashion. Braheney also alleges that she was one of the

few employees who did not use her sick time for a longer vacation, to work a second job, or to have the weekends off.  In addition, she claims that there was a notice on a bulletin board in the Captain's office stating "If Cindy [Braheney] calls, make sure to check it, see if she has the time."

Braheney's representations that she has been treated differently from male firefighters is not sufficient to survive summary judgment.  Braheney has not presented evidence that creates a material issue of fact that the disciplinary actions taken against her were sufficiently severe or pervasive to create an objectively hostile work environment.  Braheney was suspended four times between November 1996 and September 1999.  These suspensions were not a series of incidents sufficiently continuous and concerted to constitute a hostile work environment.  Neither the suspensions, the other discipline she received, nor the alleged workplace practices singling her out show that Braheney's workplace was permeated with discriminatory intimidation, ridicule, or insult.

Braheney also does not claim any explicitly sexual remarks as part of her evidence.  In that respect, the facts of this case resemble the facts in Grey v. City of Norwalk Board of Education, 2004 WL 231171 (D. Conn. 2004).  Similar to the plaintiff in Grey, Braheney only alleges that she was treated differently from male co-workers.  "Though hostile environment claims often involve ... sexual remarks, the alleged harassment need not be explicitly sexual ..., though a basis must exist for inferring that the conduct occurred *because of* the [plaintiff's] membership in the protected class."  Grey, 2004 WL 231171 at *9 (citations omitted).  Braheney provides no evidence that the suspensions or any other disciplinary actions by the defendants were motivated by a discriminatory intent.  She has not presented any evidence that male

9

firefighters were treated more favorably than she because of their sex. In addition, there is no basis upon which to infer that Braheney was disciplined as she was because of her sex. Moreover, the totality of the circumstances in this case does not show that Braheney's work environment was hostile - Braheney has presented no evidence that the alleged discriminatory conduct was severe, that it was physically threatening or humiliating, or that it negatively affected her work performance. Therefore, the defendants' motion for summary judgment is granted with respect to Braheney's Title VII hostile work environment claim.

### C. Braheney's Section 1983 Claims Against Town of Wallingford, Wallingford Fire Department, and Wayne Lefebvre

Braheneny also alleges that the defendants discriminated against her on account of her sex in violation of her right to equal protection, as guaranteed by the Fourteenth Amendment.

### 1. Adverse Employment Actions

In contrast to the 300-day time period to file a Title VII claim with the EEOC, Section 1983 claims based on a violation of the equal protection clause are subject to a three-year statute of limitations. "In section 1983 actions, the applicable limitations period is found in the general or residual state statute of limitations for personal injury actions." Pearl v. Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (internal quotation and citation omitted). "When a § 1983 action is filed in the District of Connecticut, it is subject to a three-year statute of limitations." Walker v. Jastremski, 159 F.3d 117, 119 (2d Cir. 1998). In this case, Braheney filed her complaint on December 27, 2000. Thus, any claim based on a discrete act that occurred prior to December 27, 1997 is time-barred. Since two of Braheney's suspensions occurred on February 18, 1999 and September 1999, Braheney's Section 1983 claim based on those two suspensions is not time-

10

barred.  Accordingly, the Court will consider the merits of Braheney's Section 1983 claim from the perspective required for summary judgment analysis.

Employment discrimination cases under § 1983 are subject to the same burden shifting analysis set forth by the Supreme Court in McDonnell Douglas for claims brought under Title VII.  See Sorlucco v. New York City Police Dep't, 888 F.2d 4, 7 (2d Cir. 1989) ("The Supreme Court has outlined a three-step analysis of factual issues in Title VII.... By analogy, the same analysis applies to claims under § 1983.").

As discussed above, with respect to Braheney's fourth suspension in September 1999, Braheney has failed to establish a prima facie case of sex discrimination and has offered no evidence to show that the defendants' non-discriminatory reasons for the suspension were pretextual.

As to Braheney's third suspension in February 1999, Braheney's Section 1983 claim does not survive summary judgment.  On February 18, 1999, Braheney was suspended for four days as a result of committing a second dispatch error, less than two months after the first dispatch error. The suspension stemmed from an incident on January 16, 1999, in which Braheney received a 911 call requesting a transport to the hospital.  The caller reported that her husband had been diagnosed with pneumonia and was having difficulty breathing.  A complaint of difficulty breathing constitutes an emergency situation that warrants the sending of a Town of Wallingford ambulance, but Braheney did not send an ambulance.

Braheney has provided no evidence that the suspension occurred under circumstances giving rise to an inference of sex discrimination.  Braheney alleges that two other male firefighters each committed a dispatch error and were not disciplined as harshly.  However, there

11

is no evidence that those firefighters were similarly situated to Braheney - that the dispatch errors were similar in kind or that either of those firefighters had previously committed dispatch errors. Braheney's bare allegation is not enough to establish a prima facie case.

However, even if Braheney had established a prima facie case, the defendants have provided non-discriminatory reasons for suspending Braheney. The defendants contend that she was suspended for violating Wallingford Fire Department Regulations. In addition, they contend that Braheney had committed another dispatch error on November 15, 1998 and had been counseled for that dispatch error. Braheney has provided no evidence showing that these reasons were mere pretext for discrimination.

Accordingly, the defendants' motion for summary judgment is granted with respect to Braheney's Section 1983 claim based on the two suspensions.

### 2. Hostile Work Environment

A hostile work environment claim brought under Section 1983 is analyzed by the same standards as under Title VII. See Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 69 (2d Cir. 2000). As discussed above, Braheney has not created a genuine issue of material fact that the disciplinary actions taken against her were severe or pervasive enough to constitute a hostile work environment. Therefore, the defendants' motion for summary judgment is granted with respect to Braheney's Section 1983 hostile work environment claim.

### D. State Law Claims

The Court further declines to exercise supplemental jurisdiction over Braheney's state law claims on the ground that it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); Spear v. Town of West Hartford, 771 F. Supp. 521, 530 (D. Conn.

12

1991) ("[A]bsent unusual circumstances, the court would abuse its discretion were it to retain jurisdiction of the pendant state law claims on the basis of a federal question claim already disposed of ...."), aff'd, 954 F.2d 63 (2d Cir.), cert. denied, 506 U.S. 819 (1992).

**III.    Conclusion**

Defendants' Motion for Summary Judgment [Doc. #30] is GRANTED.  The Clerk is directed to close the case.

**SO ORDERED** this 30th day of March 2004, at Hartford, Connecticut.

/s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

13